UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Midwest Disability Initiative and Gerald Doyen, | No.: |
| Plaintiffs, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | |
| Candyland, Inc. | |
| Defendant. | |

TO: THE CLERK OF UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA; AND PLAINTIFFS ABOVE-NAMED.

Defendant Candyland, Inc. ("Candyland") by and through its attorneys, Winthrop & Weinstine, P.A., removes this action from Minnesota District Court, Second Judicial District, Ramsey County, to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1331 and 1367.

In support of its Notice of Removal, Candyland states as follows:

**Removal Procedure**

1. On or about April 11, 2017, Plaintiffs personally served the Summons and Complaint upon Candyland. (Exhibit A.)

2. Exhibit A constitutes all process, pleadings and orders in this action.

3. Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint upon Candyland.

4. A Notice of Filing of Notice of Removal and a copy of this Notice of Removal to Federal Court are being filed contemporaneously herewith in Minnesota

District Court, Second Judicial District, Ramsey County, as required by 28 U.S.C. § 1446(d) and copies of the same will be served upon Plaintiffs, and an affidavit of service will be subsequently filed.

## This Court Has Federal Question Jurisdiction

5. Plaintiffs' claims may be removed from Minnesota District Court, Second Judicial District, Ramsey County, pursuant to 28 U.S.C. §§ 1441 and 1331 (federal question jurisdiction) because the District of Minnesota is the District embracing the place where the action is pending.

6. The United States District Court for the District of Minnesota has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action constitutes a claim by Plaintiffs for violation of a federal statute. Plaintiffs specifically allege a claim under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*). (*See* Compl. ¶¶ 44-56, Exhibit A.)

## This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims

7. This Court has supplemental jurisdiction over the remaining state law claim in this action, because that claim is closely related to and arises out of the same set of operative facts as the federal law claim. The supplemental jurisdictional statute, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Claims are "part of the same case or controversy...if they 'derive from a common nucleus of operative fact.' " *ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011), citing *Myers v. Richland County,* 429 F.3d 740, 746 (8th Cir. 2005) and *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Claims "derive from a common nucleus of operative fact if the 'claims are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' " *Id.*, citing *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130.

9.      The supplemental jurisdictional statute is subject to certain enumerated exceptions which do not exist here. 28 U.S.C. § 1367(b).

10.     Where federal question jurisdiction exists, the federal courts have exercised supplemental jurisdiction over state human rights act claims and other state law claims, *see*, *e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Blue Cross Blue Shield of Minnesota, Inc.*, 21 F. Supp. 2d 960 (D. Minn. 1998); *Farris v. Exotic Rubber and Plastics of Minn., Inc.*, 165 F.Supp.2d 916 (D. Minn. 2001).

11.     If any question arises as to the propriety of the removal of this action, Candyland requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

WHEREFORE, Candyland, Inc. serves Notice that this action has been removed to the United States District Court for the District of Minnesota.

| | |
|---|---|
| Dated:  May 9, 2017 | WINTHROP & WEINSTINE, P.A. |
| | By: s/ Joseph M. Windler<br>Joseph M. Windler, #0387758 |
| | 225 South Sixth Street<br>Suite 3500<br>Minneapolis, Minnesota 55402<br>(612) 604-6400 |
| | *Attorneys for Defendant Candyland, Inc.* |

13568079v1